# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAROLYN SUE EBBESSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4018-KGS |
| ) | |
| CLOUD COUNTY HEALTH CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Attorney Fees Pursuant to Local Rule 54.2 (Doc. 18). The parties have agreed to a confidential settlement of Plaintiff's claims except for Plaintiff's claim for attorney's fees. The parties agreed this Court would determine whether Plaintiff was entitled to attorney's fees and, if so, the appropriate amount thereof. For the reasons stated more fully below, Plaintiff's motion is denied.

**I.      Background**

Carolyn Sue Ebbesson ("Plaintiff" or "Ebbesson") is a former employee of Defendant Cloud County Health Center, Inc. ("Defendant" or "CCHC").[1] At the time of her resignation, Plaintiff contends she was CCHC's Practice Administrator.[2] On or about August 29, 2008, Mr. James Wahlmeier, CEO of CCHC, asked Plaintiff to consider a change in her position from

---

[1] Notice of Removal (Doc. 1), Ex. A, Pet. ¶ 4.

[2] *Id.* Defendant states that Plaintiff's title was Clinic Administrator or Clinic Manager. Def.'s Resp. in Opp'n to Pl.'s Mot. for Att'y Fees (Doc. 19).

Practice or Clinic Administrator to Director of Patient Outreach Services.[3] The new position offered the same pay, hours and status level as her prior position.[4] On or about September 2, 2008, Plaintiff wrote a letter to Mr. Wahlmeier in which she offered to resign on two conditions: (1) her resignation would be effective on September 30, 2008; and (2) she would be paid severance pay at the rate of her full salary through December 31, 2008.[5] In her resignation letter, Plaintiff stated as follows:

> Since my position in the Family Care Center is no longer a working option in my career I will resign from Cloud County Health Center on the following terms:
>
> • I will be allowed to submit my resignation effective September 30th
>
> • I will be paid severance pay at the rate of full salary through December 31, 2008.[6]

On or about September 10, 2008, Mr. Wahlmeier responded to Plaintiff's resignation letter as follows:

> This letter is to serve as official confirmation that I am in receipt of your resignation letter dated September 2, 2008 and that you wish your resignation to become effective September 30, 2008.
>
> The Board of Trustees, Administration and Medical Staff have been

---

[3] Pl.'s Mot. for Att'y Fees (Doc. 18), Ex. C ¶ 9 (Aff. of Carolyn Sue Ebbesson). In her affidavit, Plaintiff alleges Mr. Wahlmeier was pushing her out of her position so that he could promote her younger administrative assistant. Plaintiff, however, did not allege age discrimination in her petition.

[4] Def.'s Resp. in Opp'n to Pl.'s Mot. for Att'y Fees (Doc. 19), Ex. B.

[5] Notice of Removal (Doc. 1), Ex. A, Pet. ¶ 5.

[6] Pl.'s Mot. for Att'y Fees (Doc. 18), Ex. D.

appreciative of your services these past few years. Thank you.[7]

Plaintiff contends Defendant accepted her September 2, 2008 offer without reservation, and she resigned.[8] Defendant argues Plaintiff was an at-will employee and denies that it accepted Plaintiff's offer.[9]

After Defendant refused to pay Plaintiff severance pay, Plaintiff brought the instant action, alleging breach of contract and violations of the Kansas Wage Payment Act ("KWPA"), K.S.A. 44-313 *et seq.*, and Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*[10] Subsequently, the parties agreed to a confidential settlement of Plaintiff's claims except for Plaintiff's claim for attorney's fees pursuant to the FLSA.[11]

## II.   Standard

In the United States, the prevailing litigant is not ordinarily entitled to recover attorney fees from its opponent.[12] Under this "American Rule," courts follow a "a general practice of not awarding fees to a prevailing party absent explicit statutory authority."[13] Congress, however, has

---

[7] *Id.*, Ex. E.

[8] Notice of Removal (Doc. 1), Ex. A, Pet. ¶ 6.

[9] Answer (Doc. 2) ¶ 6.

[10] *See* Notice of Removal (Doc. 1), Ex. A; *see also* Answer (Doc. 2) ¶ 7 (admitting that Defendant refused Plaintiff's demands for severance pay).

[11] Statement of Consultation (Doc. 16).

[12] *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

[13] *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (internal citations omitted).

authorized the award of attorney fees to the "prevailing party" in numerous statutes.[14] Under the FLSA, the prevailing party is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action."[15]

III. Analysis

As discussed above, the parties agreed to a confidential settlement of Plaintiff's claims except for Plaintiff's claim for attorney's fees. The parties agreed this Court would determine whether Plaintiff was entitled to attorney's fees and, if so, the appropriate amount thereof. Plaintiff does not argue Defendant waived its right to contest the applicability of the FLSA to Plaintiff's claim by settling this lawsuit. Thus, the threshold question for the Court is whether the FLSA recognizes a valid cause of action when an employer purportedly breaches an agreement to provide severance pay.

The FLSA at 29 U.S.C. § 206 provides, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at a certain minimum hourly rate. Essentially, the FLSA fixes the federal minimum wage that employers must pay all employees who work in activities covered by the Act.[16] The FLSA's "purpose as to wages was to insure that every person whose employment

---

[14] *Id.*

[15] *See* 29 U.S.C. § 216(b); *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 n.1 (10th Cir. 1992). Although the FLSA does not use the term "prevailing party," courts typically cite prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g.*, *Gray*, 971 F.2d at 593 n.1; *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006).

[16] *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947).

4

contemplated compensation should not be compelled to sell his services for less than the prescribed minimum wage."[17]  For work performed from July 24, 2008 to July 23, 2009, the federal minimum wage was $6.55 per hour.[18]

Plaintiff concedes federal law does not mandate severance pay.  Plaintiff, however, argues that "where an employee can show that the employee and the employer entered into a contractual agreement for the payment of wages as severance pay and the employer breached that contract, it follows that a claim will arise under the Fair Labor Standards Act . . . in favor of the employee, for breach of the agreement to pay the agreed upon wages."[19]  Plaintiff continues, "Under that scenario, the employer has refused to pay the employee wages the employer and employee agreed were due the employee upon the severing of the employment relationship in violation of section 206 of the Fair Labor Standards Act."[20]

To support her position, Plaintiff cites *Chimarev v. T.D. Waterhouse Investor Services, Inc.*[21]  In that case, the plaintiff appears to have alleged the defendant violated the FLSA by not providing severance pay.[22]  The trial court granted summary judgment in favor of the defendant because the plaintiff failed to present any evidence that he was contractually entitled to

---

[17] *Id*. at 152.

[18] 29 U.S.C. § 206.

[19] Pl.'s Mot. for Att'y Fees (Doc. 18) at 5.

[20] *Id*. at 5–6.

[21] *Chimarev v. T.D. Waterhouse Investor Servs., Inc.*, 99 Fed. Appx. 259 (2d Cir. 2004) (unpublished), *aff'g* 280 F. Supp. 2d 208 (S.D.N.Y. 2003).

[22] *Chimarev*, 280 F. Supp. 2d at 220, 225.

5

severance pay.[23] The Second Circuit affirmed the decision based upon the plaintiff's failure to provide any evidence in support of his FLSA claim.[24] Neither the trial court nor the Second Circuit, however, specifically addressed the question of whether the FLSA recognizes a claim for severance pay.[25] Thus, this case does not stand for Plaintiff's proposition that a claim will arise under the FLSA as a result of a breach of a contract for severance pay. Plaintiff does not cite any other authority to support her claim for severance pay under the FLSA. After conducting its own extensive research, the Court has not found any case law supporting such a claim.

Moreover, Plaintiff's interpretation is not supported by the plain text of the statute.[26] There are no explicit references to severance pay in the FLSA. As stated above, 29 U.S.C. § 206 provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at a certain minimum hourly rate. The FLSA defines "employee" as an "individual employed by an

---

[23] *Chimarev*, 280 F. Supp. 2d at 215.

[24] *Chimarev*, 99 Fed. Appx. at 261.

[25] *Chimarev*, 280 F. Supp. 2d at 215. The trial court's decision was based upon a report and recommendation by the magistrate judge, who found it unnecessary to decide a pending motion to dismiss for failure to state a claim in light of his recommendation that summary judgment be granted in the defendant's favor. *Id*. at 211–12, 229.

[26] *See Colorado High Sch. Activities Ass'n v. Nat'l Football League*, 711 F.2d 943, 945 (10th Cir. 1983) ("If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.") (internal quotations omitted).

employer."²⁷ The FLSA defines "employ" as "to suffer or permit to work."²⁸ Thus, employees are entitled to compensation under the FLSA only for "work."

The FLSA does not define "work."²⁹ "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."³⁰ Under this approach, courts have defined work as "'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'"³¹ Wage and hour regulations implementing the FLSA observe that the term "work" contemplates only time actually under the control of an employer. For example, 29 C.F.R. § 785.16 explains that "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked."

Plaintiff does not allege she was paid less than the applicable minimum wage at any time from the date she was hired until she resigned. In other words, Plaintiff does not allege Defendant's failure to pay her severance pay resulted in her being paid less than the federal minimum wage while she was employed by Defendant. Rather, Plaintiff appears to claim that Defendant agreed to pay her "wages" from October 1, 2008 through December 31, 2008 as

---

²⁷ 29 U.S.C. § 203(e)(1).

²⁸ 29 U.S.C. § 203(g).

²⁹ *Hill v. United States*, 751 F.2d 810, 812 (6th Cir. 1984).

³⁰ *See Colorado High Sch. Activities Ass'n*, 711 F.2d at 945 (internal quotations omitted).

³¹ *See Holzapfel v. Town of Newburgh, New York*, 145 F.3d 516, 522 (2d Cir. 1998) (quoting *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944) (superceded on other grounds by statute)); *see also Hill*, 751 F.2d at 812.

severance pay. Plaintiff, however, has not provided any evidence or even alleged she was physically or mentally exerting herself for Defendant during the time period covered by her severance pay.

On the contrary, severance pay is defined by Black's Law Dictionary as "Money (*apart from back wages or salary*) paid by an employer to a dismissed employee."[32] The purported severance pay was not pay for work, rather it was the reverse – it depended upon Plaintiff *not working* to receive it. As a result, the Court finds that Plaintiff was not "working" for Defendant as that term is defined in the FLSA during the time period covered by the alleged severance pay.

In another context, the Tenth Circuit has noted that wages are different from severance pay.[33] Additionally, the United States Department of Labor, which is the agency responsible for promulgating regulations implementing the FLSA,[34] states, "Severance pay is often granted to employees upon termination of employment. It is usually based on length of employment for which an employee is eligible upon termination. There is no requirement in the Fair Labor Standards Act (FLSA) for severance pay. Severance pay is a matter of agreement between an employer and an employee (or the employee's representative)."[35]

There are various means for employees to seek redress when employers purportedly breach agreements to provide severance pay. The FLSA, however, does not authorize recovery upon such a claim. The factual basis for Plaintiff's Complaint does not state a claim for relief

---

[32] *Black's Law Dictionary* 1379 (7th ed. 1999) (emphasis added).

[33] *Acosta v. Cyprus Amax Minerals Co.*, 23 Fed. Appx. 956, 962 n.5 (10th Cir. 2001) (stating that severance pay is not equivalent to wages).

[34] *See* 29 U.S.C. §§ 204, 206.

[35] http://www.dol.gov/dol/topic/wages/severancepay.htm (last visited September 2, 2010).

8

pursuant to the FLSA. As a result, Plaintiff is not entitled to an award of attorney's fees in this action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to Local Rule 54.2 (Doc. 18) is hereby denied.

**IT IS FURTHER ORDERED** that the above captioned case is dismissed with prejudice, each party to bear its own fees and costs.

**IT IS SO ORDERED.**

Dated this 2d day of September, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge